| NO. 12-23-00013-CR | NO. 12-23-00014-CR | NO. 12-23-00015-CR |
|---|---|---|
| NO. 12-23-00016-CR | NO. 12-23-00017-CR | NO. 12-23-00018-CR |
| NO. 12-23-00019-CR | NO. 12-23-00020-CR | NO. 12-23-00021-CR |
| NO. 12-23-00022-CR | NO. 12-23-00023-CR | NO. 12-23-00024-CR |
| NO. 12-23-00025-CR | NO. 12-23-00026-CR | NO. 12-23-00027-CR |
| NO. 12-23-00028-CR | NO. 12-23-00029-CR | NO. 12-23-00030-CR |
| | NO. 12-23-00031-CR | |

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BOBBY GENE HALBERT,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Relator, Bobby Gene Halbert, filed this original proceeding to challenge Respondent's ruling appointing counsel when other counsel, Clay Dean Thomas, was previously appointed and Relator objected to the new appointment of Kimberly Miller Ryan.[1] Thomas filed this original proceeding on Relator's behalf. We deny the writ.

## BACKGROUND

According to Relator's petition and attached affidavit, on January 12, 2022, the Honorable James Payne, Jr. appointed Thomas to represent Relator.[2] Relator and Thomas met on January 26 to discuss his case. Relator maintains that Thomas also interviewed witnesses. But Relator avers that on May 31, he was transported to court for arraignment, at which time Respondent informed him, over his objection, that she was appointing Ryan to represent him because Thomas was not present at the arraignment. Relator states that he and Thomas had no

---

[1] Respondent is the Honorable LeAnn Kay Rafferty, Judge of the 123rd District Court in Shelby County, Texas. The State of Texas is the Real Party in Interest.

[2] Judge Payne is the presiding judge of the 273rd District Court in Shelby County, Texas.

notice of the May 31 setting. Relator claims that on July 25, he informed Respondent regarding the lack of contact with Ryan and requested Thomas's reinstatement, but Respondent denied the request. Relator filed this original proceeding on January 18, 2023.

That same day, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rules of Appellate Procedure 52.3(k) and 52.7, which require that an appendix and record accompany the petition. *See* TEX. R. APP. P. 52.3(k) (appendix); TEX. R. APP. P. 52.7 (record). The notice informed Relator that his petition would be referred to the Court for dismissal unless he provided an appendix and the record on or before January 23. We granted Relator's motion to file a late appendix and record. On February 13, Relator filed a notice of inability to supplement record, in which he explained that he filed a request for preparation of the reporter's record, a motion for free reporter's record, and proposed orders, but Respondent failed to rule.

On February 28, this Court ordered Respondent to conduct a hearing and make written findings of fact and conclusions of law as to whether (1) Relator is indigent and entitled to a copy of the reporter's record without charge, and (2) if Relator is not so entitled, the date he will make acceptable payment arrangements for the reporter's record. On March 8, Respondent conducted this hearing, at which Thomas failed to appear, and found that Relator is not indigent for purposes of obtaining a free record.[3] Ryan represented Relator at the March 8 hearing and Relator told Respondent that he would like to proceed to trial with Ryan as his counsel.

On March 19, Thomas filed a notice with this Court stating that he sent payment for the record. The reporter filed the record on March 28.

**PREREQUISITES TO MANDAMUS**

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. "[W]hen the record demonstrates that counsel was improperly removed as counsel for his client, mandamus is the proper remedy."

---

[3] Respondent also scheduled a show cause hearing for March 8 regarding Thomas's acting on Relator's behalf when Relator is represented by Ryan. Thomas filed a motion for emergency relief and this Court granted his request for a stay of the show cause hearing pending further order of this Court.

*In re Moore*, No. WR-87,158-01, 2018 WL 2716699, at \*4 (Tex. Crim. App. June 6, 2018) (not designated for publication) (emphasis added); *see In re Fletcher*, 584 S.W.3d 584, 590 (Tex. App.—Houston [1st Dist.] 2019, orig. proceeding) (conditionally granting mandamus, instructing trial court to vacate orders removing appointed counsel from case and denying motion to reinstate counsel).

### ABUSE OF DISCRETION

Relator contends that Respondent abused her discretion by (1) removing Thomas and appointing new counsel over his objection, and (2) failing to rule on his subsequent requests that Thomas be reappointed.

### Applicable Law

An appointed attorney shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2022) (emphasis added). "Although an indigent defendant does not have the right to counsel of his own choosing, once counsel is appointed, the trial judge is obliged to respect the attorney-client relationship created through the appointment." *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992) (en banc). There must be a principled reason, apparent from the record, to justify a trial court's sua sponte replacement of appointed counsel. *Id.* ("Given the fundamental nature of an accused's right to counsel, we cannot agree that a trial judge's discretion to replace appointed trial counsel over the objection of both counsel and defendant extends to a situation where the only justification for such replacement is the trial judge's personal 'feelings' and 'preferences'").

### Proceedings Below

The record reflects that at the May 31 arraignment, Relator acknowledged having an opportunity to confer with his counsel, Ryan, and entered a plea of "not guilty." Relator did not object to Ryan acting as his counsel.

At a July 25 pretrial hearing, the following exchanges occurred:

> HALBERT: I would like to request my original court-appointed attorney back. The reason he wasn't here when I had court, he said he was not notified that I had court. And then that day I had informed y'all that I already had an attorney, and then you went ahead and appointed Ms. Ryan.

3

COURT: I did. And you know why I did that? Because Ms. – you're looking at some really serious charges … and you're looking at more charges. I believe that there are additional felony offenses that are going to be presented to the grand jury. And Ms. Ryan is board certified in criminal law, and she handles these types of cases successfully.

…

HALBERT: Is there a reason I can't use Clay Thomas? I mean, I've spoken to the man, he zooms with me, I feel confident in him. And like I said, I didn't fire him.

COURT: No, sir. He wasn't here. He's been removed from the case, so -- because of – pursuant to our plan, I removed him from this case. If you want to represent yourself, you have a constitutional right to do so. I wouldn't recommend it.

…

HALBERT: I do -- I do want it on the record that I did request to have Clay Thomas back, you know. I --

COURT: Okay.

HALBERT: I just feel like I'm being railroaded for some reason, you know. Like I said, I met this guy, I've talked to him on the phone. He come saw me when I was in the hospital. He's gone out of his way to help me. And I have lots of confidence in that man. I don't understand why I can't retain him, you know.

COURT: You're welcome to hire your own lawyer. You said "retain him."

HALBERT: Well, I may have used the wrong word there, Judge.

COURT: That's okay. Ms. Ryan is your counsel.

RYAN: And, Judge, for the record, I am not -- just so Mr. Halbert feels comfortable -- I am not discouraging you from appointing his original attorney….

COURT: I'm not going to appoint his … original attorney. He's not here. That's … not going to happen. And if Ms. Ryan were to withdraw, then there would be someone else. I don't know... She's the only board certified criminal – you're looking at -- besides a death penalty case, okay, you're looking -- or a capital murder, these are the most – she's board certified in criminal law….

…

COURT: …but she's the only one on the list that's board certified in criminal law. So –

HALBERT: What I --

COURT: And we're grateful to have her.

HALBERT: Understood, ma'am.

…

HALBERT: I was informed by my sister, she looked up Ms. Ryan and she looked up Clay Thomas on the Internet. Clay Thomas had 20-plus years with a large law firm behind him.

COURT: Sir, he hasn't been licensed 20 years.

HALBERT: I don't know. I'm just going by what I was told, you know.

...

COURT: Sir, he hasn't been licensed that long. He's not on – he's not going to take that case. He's not going to handle your case, period.

HALBERT: All right.

At a September 26 pretrial hearing, Relator lodged no objections to Ryan as his counsel. At a February 27, 2023 pretrial hearing, Ryan raised the subject of another attorney, Thomas, filing motions on Relator's behalf. Relator stated his awareness of the filings but stated that he has not retained an attorney and that Thomas was acting voluntarily. Relator stated that he did not know the whole scope of Thomas's representation. He acknowledged reading the petition for writ of mandamus and agreeing. Relator confirmed his belief that an attorney-client relationship existed with Thomas. He recalled writing a letter stating that Thomas could represent him but did not recall signing any agreement. Relator explained this his son has a power of attorney and has been acting as his intermediary. Relator's son acknowledged authorizing Thomas to file this original proceeding on Relator's behalf and he believed that Thomas had authority to act as Relator's counsel on certain matters.

## Analysis

At the March 8 hearing to determine whether Relator is indigent for purposes of a free record, Ryan represented Relator because Thomas failed to appear. During questioning regarding whether he had an attorney in mind to hire, Relator stated, "I had Clay Thomas in mind, the man that I -- originally been appointed to me. And I constantly requested back, and I have not gotten." He acknowledged that he had not communicated with Thomas since May 31, 2022, regarding representation, but he believed that his son maintained contact with Thomas and his son did not like Ryan. Regarding the mandamus proceeding, he explained that he understood Thomas was filing a writ but did "[n]ot really" understand what he was signing when he signed his supporting affidavit. Relator further acknowledged that he was unsure of whether Thomas represented him. Relator was unaware that he could not have two lawyers at the same time.

When Ryan asked Relator whether he still wanted Thomas to represent him at trial, Relator said, "At this time, no, ma'am." He acknowledged telling Ryan, "I guess I'll just stick with you if I can[.]" Subsequently, the following exchange occurred:

5

> Respondent: . . . And you've stated you want to go forward to trial with Ms. Ryan; is that right?
> Relator: We discussed that this morning.
> Respondent: And is that what you want to do?
> Ryan: No pressure, sir.
> Respondent: You be honest with us. I mean --
> Ryan: You will not hurt my feelings, I promise. I've been doing this for a long time.
> Relator: Stay with her.

The record reflects that trial was originally scheduled for March but was moved to April 3 because of this proceeding. But at the March 8 hearing, Ryan represented that she is ready to go to trial April 3 and Relator confirmed his desire to go to trial on that date. Respondent also asked Relator if he wanted to pursue the mandamus proceeding:

> Respondent: Sir, do you want to dismiss these appellate cases or these mandamus actions that this lawyer filed on your behalf? Or do you want to keep those going? Or are you not able to say?
> Relator: I don't want to touch that subject right now.
> Respondent: Okay.
> Ryan: Do you even know enough about it, sir, to make a decision about that?
> Relator: Not really. And I'm now afraid to talk to nobody without somebody else listening. So my tongue's tied, my hands are tied. I can't speak to nobody without being recorded or my mail being read. I have no freedom at all. So, ma'am, I'd rather not discuss that subject at this time.

In his mandamus petition, Relator complains that Respondent abused her discretion by removing Thomas as his appointed counsel, replacing Thomas with Ryan, and refusing to reinstate Thomas. The record does not reflect that Respondent removed Thomas as counsel based on any personal feelings or preferences. Rather, Respondent appointed Ryan because Thomas failed to appear at arraignment, Ryan is board certified in criminal law, and the charges Relator faces are very serious. This certainly qualifies as a principled reason for substituting appointed counsel. *See Montejo v. La.*, 556 U.S. 778, 786, 129 S. Ct. 2079, 2085, 173 L. Ed. 2d 955 (2009) ("Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings"); *see also Mo. v. Fry*, 566 U.S. 134, 140, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012) ("Critical stages include arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea").

Additionally, the "right to counsel cannot be insisted upon in such a way as to obstruct the orderly administration of justice." *Gonzales v. State*, 532 S.W.2d 343, 345 (Tex. Crim. App. 1976). The record from the March 8 hearing affirmatively reflects that Relator has accepted Ryan as his trial attorney and wants to proceed to trial in April. *See generally Freeman v. State*,

No. 03-05-00659-CR, 2008 WL 4271629, at *3 (Tex. App.—Austin Sept. 19, 2008, pet. ref'd) (mem. op., not designated for publication) (any error in substitution of appointed counsel "waived by Freeman agreeing to and accepting new counsel"). The trial setting has already been rescheduled once because of this original proceeding.

Because the record reflects a principled reason for substituting appointed counsel and Relator has consented to proceeding to trial with Ryan as his counsel, we conclude that Relator cannot demonstrate an abuse of discretion and, therefore, fails to show himself entitled to mandamus relief.

## DISPOSITION

For the above reasons, we **_deny_** Relator's petition for writ of mandamus. We **_lift_** our March 6 stay of Respondent's show cause hearing. All pending motions are **_overruled as moot_**.

Opinion delivered April 5, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00013-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

---

## ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00013-CR and the defendant in trial court cause number 2022-CR-22006, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00014-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00014-CR and the defendant in trial court cause number 2022-CR-22017, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00015-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00015-CR and the defendant in trial court cause number 2022-CR-22081, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00016-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00016-CR and the defendant in trial court cause number 2022-CR-22082, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00017-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00017-CR and the defendant in trial court cause number 2022-CR-22083, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00018-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00018-CR and the defendant in trial court cause number 2022-CR-22085, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00019-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00019-CR and the defendant in trial court cause number 2022-CR-22086, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00020-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00020-CR and the defendant in trial court cause number 2022-CR-22091, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00021-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00021-CR and the defendant in trial court cause number 2022-CR-22092, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

16



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00022-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00022-CR and the defendant in trial court cause number 2022-CR-22094, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00023-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00023-CR and the defendant in trial court cause number 2022-CR-22096, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00024-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00024-CR and the defendant in trial court cause number 2022-CR-22097, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

19



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00025-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00025-CR and the defendant in trial court cause number 2022-CR-22099, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00026-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00026-CR and the defendant in trial court cause number 2022-CR-22102, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

21



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00027-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00027-CR and the defendant in trial court cause number 2022-CR-22104, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00028-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00028-CR and the defendant in trial court cause number 2022-CR-22114, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-23-00029-CR**

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00029-CR and the defendant in trial court cause number 2022-CR-22117, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 5, 2023

NO. 12-23-00030-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00030-CR and the defendant in trial court cause number 2022-CR-22118, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL , 2023

NO. 12-23-00031-CR

**BOBBY GENE HALBERT,**
Relator
V.

**HON. LEANN KAY RAFFERTY,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bobby Gene Halbert; who is the relator in appellate cause number 12-23-00031-CR and the defendant in trial court cause number 2022-CR-22121, pending on the docket of the 123rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

26